PEOPLE *v.* JOHN MARTIN

1. CRIMINAL LAW—PLEA OF GUILTY—COURT'S DUTY—DEFENSE OF INSANITY.

The trial court has no duty to explain *sua sponte* to a defendant who pleads guilty the defense of insanity.

2. CRIMINAL LAW—DEFENSES—INSANITY—PLEA OF GUILTY.

The rights of defendant, who pled guilty, were fully protected with regard to a possible defense of insanity where the court, pursuant to statute, ordered a psychiatric evaluation (MCLA § 767.27a).

Appeal from Recorder's Court of Detroit, Donald S. Leonard, J. Submitted Division 1 January 12, 1971, at Detroit. (Docket No. 9838.) Decided February 26, 1971. Leave to appeal denied August 3, 1971, 385 Mich 773.

John I. Martin was convicted, on his plea of guilty, of murder in the second degree. Defendant appeals. People's motion to affirm granted.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Thomas A. Maher,* for defendant on appeal.

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 21 Am Jur 2d, Criminal Law §§ 45, 46, 484–496.

Before: R. B. Burns, P. J., and Fitzgerald and Holbrook, JJ.

Per Curiam. Defendant was charged with murder in the first degree, contrary to MCLA § 750.316 (Stat Ann 1954 Rev § 28.548), on January 23, 1969. With the assistance of trial counsel he tendered a plea of guilty to the lesser offense of murder in the second degree on May 11, 1970. MCLA § 750.317 (Stat Ann 1954 Rev § 28.549). The plea was accepted and on May 25, 1970, he was sentenced to life imprisonment.

Defendant's claim of appeal presents a single question for appellate review. It is his contention that the plea was not understandingly made since the trial court failed to inform the defendant of the prosecution's burden of proof as to the defendant's sanity, if the presumption of sanity were overcome. The people have filed a motion to affirm the conviction and sentence on the ground that the question presented for review is so unsubstantial as to warrant no argument or formal submission.

This Court has not discovered, nor has the appellant advanced any authority which would impose upon the trial court a duty to *sua sponte* explain to the defendant the defense of insanity. The rights of the defendant with regard to a possible defense of insanity were fully protected when the lower court signed an order for commitment for psychiatric evaluation dated October 10, 1969, pursuant to MCLA § 767.27a (Stat Ann 1970 Cum Supp § 28-.966[11]). The report failed to support a possible defense of insanity at the conclusion of the examination.

The motion to affirm is granted.